UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD OLAWALE, | ) | CASE NO. 4:10 MC 27 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Richard Olawale's Motion for a Temporary Restraining Order (TRO) and Injunctive Relief. Mr. Olawale, who is incarcerated at N.E.O.C.C., seeks an Order from this court barring the Department of Homeland Security (DHO) from detaining him after his release from N.E.O.C.C. The Motion is denied.

*Relevant Facts*

Mr. Olawale is currently serving his sentence for numerous identity theft, bank fraud and money laundering convictions in the United States District Court for the Central District of California. See United States v. Olawale, No. 2:01-cr-00486 (C.D. Cal. Filed May 31, 2001). In

September 2004, he filed an appeal in the Ninth Circuit Court of Appeals from a Board of Immigration Appeals decision.  See Olawale-Ayinde v. Gonzalez, No. 04-74763 (9th Cir. 2004). During the pendency of the appeal, Mr. Olawale filed a Motion for Stay of Removal until a final disposition is reached on his underlying petition.  The Ninth Circuit granted the unopposed Motion for a Stay on November 30, 2006, noting it would further examine the Motion Notifying the Court of New and Additional Evidence to Support Claim of Persecution filed by petitioner on November 15, 2006.

Based on the Ninth Circuit's Stay Order, Mr. Olawale now moves this court to bar the DHO from taking him into custody after his release from prison in July 2010.  He argues the Attorney General, as an agent of the DHO, cannot detain him until his removal order has been fully reviewed.  Citing 8 U.S.C. §1231,[1] petitioner claims that because the appeal of his removal order is

---

[1]The statute provides, in relevant part:

1) Removal period

    (A) In general
        Except as otherwise provided in this section, when an alien is
        ordered removed, the Attorney General shall remove the alien from
        the United States within a period of 90 days (in this section
        referred to as the "removal period").

    (B) Beginning of period

        The removal period begins on the latest of the following:

            (i) The date the order of removal becomes administratively
            final.

            (ii) If the removal order is judicially reviewed and if a court
            orders a stay of the removal of the alien, the date of the
            court's final order.

(continued...)

still under review the removal period can only begin after the "the date of the court's final order" because his "removal order is judicially reviewed." 8 U.S.C. § 1231(a)(1)(B)(ii).

*Court Lacks Personal Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94(1998)("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.")(citation omitted).

Mr. Olawale seeks an order from this court barring the DHO from taking him into custody after he is released from confinement from his criminal sentence. Any suit "seeking release not from prison but just from a more to a less confining form of incarceration," Del Raine v. Carlson, 826 F.2d 698, 702-03 (7th Cir.1987), is ultimately seeking a habeas corpus remedy. When a habeas petition is filed, the district court shall direct the writ "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction

---

[1](...continued)

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231

3

over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. To evaluate jurisdiction, this court must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian.

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian, for purposes of habeas review, is the warden of the facility where he is being held. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). Although petitioner names the DHS as his custodian, the warden at N.E.O.C.C. has daily control over him because petitioner is still serving his prison term. At this point, Olawale has not brought any claim against the warden of N.E.O.C.C. and the warden is not a party to this litigation. This court cannot direct the warden to provide the relief Mr. Olawale seeks. Moreover, petitioner is not the in custody of the DHS. The mere fact that a DHS detainer may have been lodged against Mr. Olawale does not subject him to DHS custody. Galavis-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir.1994). As such, this court is without jurisdiction to address his claims for relief. 28 U.S.C. § 2241(c) (providing that a § 2241 habeas petition will not issue unless the petitioner is in custody).

Without jurisdiction to address petitioner's underlying claim, this court cannot turn to the merits of his TRO. The four factors necessary to determine whether a temporary restraining order is appropriate include: (1) the likelihood of the plaintiffs' success on the merits; (2) whether the injunction will save the plaintiffs from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985). Because this court is precluded from even addressing the

merits of petitioner's claim, it is foreclosed from analyzing the propriety of his request for a TRO.

*Conclusion*

Based on the foregoing, petitioner's motion for temporary restraining order is DENIED. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.


Dated: April 12, 2010                                      s/   *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE